UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

LISA WILLIAMS,

      Plaintiff,

v.

CARNIVAL CORPORATION, A Foreign Corporation,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, **LISA WILLIAMS**, by and through the undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, files this Complaint and alleges:

## THE PARTIES AND JURISDICTION

1.      This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.      Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3.      The Plaintiff, **LISA WILLIAMS**, is *sui juris* and is a resident of Houston, Texas.

1

4.      The Defendant, **CARNIVAL CORPORATION**, is a foreign corporation incorporated in Panama, authorized to conduct and does conduct business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida, and is *sui juris*.

5.      The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

      a.      Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

      b.      Had an office or agency in this state and/or county;  and/or

      c.      Engaged in substantial activity within this state; and/or

      d.      Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6.      All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

### OTHER ALLEGATIONS COMMON TO ALL COUNTS

7.      **DATE OF ACCIDENT.**  This incident occurred on or around February 7, 2013.

8.      **LOCATION OF ACCIDENT.**   This incident occurred when the Plaintiff was aboard the vessel for what had supposed to be a four (4) day cruise on the CARNIVAL TRIUMPH, owned and operated by Carnival Corporation.

9.      **STATUS OF PLAINTIFF AS OF DATE AND TIME OF ACCIDENT.**   At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and,

accordingly, was an invitee while on the vessel.  Attached hereto as Exhibit "A" is a copy of the passenger Guest Confirmation.

10.    **DESCRIPTION OF THE ACCIDENT.**   On the date and time of the subject incident, the Defendant knew or should have known of the conditions aboard the vessel and the ever-present issues pertaining to the propulsion and/or engine room, as well as other dangerous conditions, yet Defendant did nothing to eliminate the potential hazardous conditions and failed to properly maintain and areas of the ship to avoid or remedy such hazards.  In fact, on the day and time of the incident, as well as the days succeeding the date of the incident, the Plaintiff had been exposed to extremely toxic and debilitating conditions resulting in severe and permanent injuries.  Some, but not all, conditions that the Plaintiff had been exposed to are the following: (1) sewage flowing throughout the state rooms and hallways of the Carnival Triumph; (2) lack of running water; (3) noxious odors emanating from the sewage passing throughout the vessel; (4) urination within the bath tubs of the state rooms; (5) feces stored in bags and un-flushed toilets; (6) exposure to spoiled food; and (7) lack of air-conditioning.

**COUNT I**
**NEGLIGENCE AGAINST CARNIVAL CORPORATION**

11.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 10, above.

12.    **DUTIES OWED BY THE DEFENDANT**.   The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein.  See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v.*

*Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to exercise reasonable care under the circumstances." See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985). *Vierling v. Celebrity Cruises*, 339 F.3d 1309, 1319-20 (11th Cir. 2003).

13. The Defendant breached those duties and was negligent by:

(a) Failing to maintain or remedy hazardous conditions;

(b) Failing to otherwise warn anyone, including the Plaintiff, who would be aboard the Carnival Triumph and be exposed to such hazardous and debilitating conditions;

(c) Failing to inspect for and to observe and resolve the hazard present within the vessel that ultimately affected all passengers aboard, including the Plaintiff;

(d) Failing to implement a method of operation and inspection which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

(e) Allowing an ongoing, recurring, continuous and/or repetitive problem to occur on the premises which would cause incidents or injuries;

(f) Providing negligent maintenance to the area aboard the vessel that is the subject of this action, including, but not limited to the engine room;

(g) Utilizing or allowing negligent method of operations;

(h) Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

(i) Failing to implement a method of operation which would be reasonable and safe

4

and would prevent dangerous conditions such as the one in this case;

(j) Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence *per se* and/or evidence of negligence.

14.    The Defendant created a dangerous condition, such as a fire occurring in the vessel's engine room that dismantled or otherwise disengaged the ship's propulsion system and electrical capabilities, on the subject ship and allowed the dangerous condition to exist thereby causing an incident on the date referenced above, as well as succeeding dates Plaintiff had been aboard the vessel in which the Plaintiff was severely injured and exposed to extremely noxious and debilitating conditions.

15.    The Defendant either (a) created the dangerous condition through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

16.    The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; and/or (b) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.  Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

17.    In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operation.

18.     The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

19.     The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and/or should have been foreseeable by the Defendant.

20.     As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury and possibly aggravation of preexisting conditions, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff, **LISA WILLIAMS,** demands Judgment against the Defendant for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands Trial by Jury of any issue triable of right by a jury.

Dated this ___17th___ day of February 2013.

ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff
3132 Ponce de Leon Blvd
Miami, Florida 33134
E:      Aronfeld@aronfeld.com
P:      (305) 441.0440
F:      (305) 441.0198


By:___s//: Spencer Marc Aronfeld_____
      SPENCER MARC ARONFELD, ESQ.
      Fla. Bar. No.: 905161

7